# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAL DAUGHERTY,<br><br>    Plaintiff,<br><br> v.<br><br>LYDIA C. HENSE,<br><br>    Defendant.<br>_____/ | CASE NO. 1:09-cv-01236 DLB PC<br><br>ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED<br><br>(Doc. 8) |

**I.** **Screening Requirement**

  Plaintiff Jamal Daugherty ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil action on July 13, 2009. On July 27, 2009, Plaintiff filed a First Amended Complaint.

  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. Id. at 1949.

## II.     Plaintiff's Claim

Plaintiff, who is incarcerated at the North Kern State Prison in Delano, brings this action against Lydia C. Hense, whom Plaintiff contends is responsible for the safety of prisoners at the prison. Plaintiff states that he sleeps on the top bunk of a bunk bed, and that the beds do not have guard rails or safety bars to prevent a person from falling. On June 18, 2009, Plaintiff rolled out of his bed while asleep, hitting his back and right arm. Plaintiff states that he suffers from unbearable pain, and has difficulty walking, sitting and sleeping.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006).

Further, under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). The Supreme Court recently emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates

under a theory of respondeat superior." Id. at 1948.  Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights.  Id. at 1948-49.

In this action, Plaintiff states that Defendant Hense is responsible for the safety of prisoners at North Kern State Prison. However, Plaintiff's First Amended Complaint is devoid of any facts describing personal involvement by Defendant Hense, or showing that Defendant Hense acted with deliberate indifference to a serious risk of harm to Plaintiff.  Furthermore, a lack of a guard rail or safety bar to prevent Plaintiff from rolling and falling out of his bed is not grave enough to form the basis of a viable Eighth Amendment claim.  Hudson, 503 U.S. at 9.

**III.     Conclusion and Order**

Plaintiff's complaint fails to state a claim upon which relief may be granted.  The deficiency is not curable through amendment, Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987), and therefore, the Court ORDERS dismissal of this action, with prejudice, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   **November 12, 2009**              /s/ Dennis L. Beck
                                                             UNITED STATES MAGISTRATE JUDGE